IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Fletcher Herbert, | ) | C/A No.  0:14-4764-DCN-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Joseph F. Anderson, Jr., District Judge; | ) | |
| Cameron McGowan Currie, District Judge, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Robert Fletcher Herbert, a self-represented state prisoner, brings this civil rights

action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403

U.S. 388 (1971).[1]  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil

Rule 73.02(B)(2) DSC.  Plaintiff is an inmate at Perry Correctional Institution and files this action

*in forma pauperis* under 28 U.S.C. § 1915.  Having reviewed the Complaint in accordance with

applicable law, the court concludes that it should be summarily dismissed.

I.      **Factual and Procedural Background**

The Complaint alleges that the Honorable Cameron McGowan Currie was the assigned

district judge on a civil action filed by Plaintiff in this court.  (ECF No. 1 at 3.)  On October 8, 2013,

the case was reassigned to the Honorable Joseph F. Anderson, Jr.  (Id.; see also Herbert v. Met, C/A

_____

[1]  Bivens establishes as a general proposition that victims of a constitutional violation
perpetuated by a federal actor may sue the offender for damages in federal court despite the absence
of explicit statutory authorization for such suits.  See  Carlson v. Green, 446 U.S. 14, 18 (1980); see
also Holly v. Scott, 434 F.3d 287, 289 (4th Cir. 2006).  A Bivens claim is analogous to a claim
brought against state officials under 42 U.S.C. § 1983.  Therefore, caselaw involving § 1983 claims
is applicable in Bivens actions, and vice versa.  See Harlow v. Fitzgerald, 457 U.S. 800, 814-20, n.30
(1982); see also Farmer v. Brennan, 511 U.S. 825 (1994).

PJG

No. 3:13-262-JFA (D.S.C. Jan. 29, 2013)).  The Complaint claims that Plaintiff was not provided

a reason for the reassignment of the case and further complains that Defendant Currie made a

judgment in the case after the reassignment.[2]  (ECF No. 1 at 3.)  The Complaint also alleges that

Defendant Anderson has denied motions "without orders and reasons" in Plaintiff's civil actions and

has denied Plaintiff a fair trial.  (Id. at 3-4.)  The Complaint asserts that Plaintiff is being treated in

a discriminatory manner due to his race and mental illness.  (Id. at 4-5.)  Plaintiff seeks monetary

damages for the defendants' actions.  (Id. at 5.)

II.     Discussion

      A.      Standard of Review

      Under established local procedure in this judicial district, a careful review has been made of

the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A,

and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This

review has been conducted in light of the following precedents:  Denton v. Hernandez, 504 U.S. 25

(1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972);

Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville,

712 F.2d 70 (4th Cir. 1983).

      The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent

litigant to commence an action in federal court without prepaying the administrative costs of

proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows

---

      [2] The reassignment date for the case cited by Plaintiff coincides with the date that Judge
Currie elected to retire from regular active service pursuant to 28 U.S.C. § 371 and took senior
status.  Further, the judgment cited by Plaintiff in the Complaint reflects that Judge Currie issued an
order adopting a partial report and recommendation prior to reassignment of the case.  See Herbert,
C/A No. 3:13-262-JFA at ECF Nos. 16 & 74.



a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[3]  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte.  See Neitzke, 490 U.S. at 327; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to

---

[3]  Screening pursuant to § 1915A is subject to this standard as well.

PJG

include claims that were never presented, <u>Barnett v. Hargett</u>, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B.     Analysis

To state a claim under § 1983 or <u>Bivens</u>, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state or federal law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).  In this case, Plaintiff alleges that his constitutional rights were violated by the judicial actions of two federal judges.  However, it is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions,  <u>Mireless v. Waco</u>, 502 U.S. 9, 12 (1991); <u>Chu v. Griffith</u>, 771 F.2d 79, 81 (4th Cir. 1985), and judicial immunity is not pierced by allegations of corruption or bad faith.  <u>See</u> <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57 (1978).  Further, judicial immunity is a protection from suit, not just from ultimate assessment of damages. <u>Mireless</u>, 502 U.S. at 11.  Therefore, Defendants Anderson and Currie are entitled to summary dismissal from the instant case for claims associated with their judicial rulings in Plaintiff's federal court proceedings.

Additionally, to the extent Plaintiff alleges negligence, such a claim is not cognizable under § 1983 or <u>Bivens</u>.  <u>See</u> <u>Daniels v. Williams</u>, 474 U.S. 327, 335-36 n.3 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344, 347-48 (1986); <u>Pink v. Lester</u>, 52 F.3d 73 (4th Cir. 1995).  Moreover, as the federal claims in this case are recommended for summary dismissal, the court should not exercise supplemental jurisdiction over any state law claims raised in the Complaint.  <u>See</u> 28 U.S.C. § 1367(c)(3); <u>see also</u> <u>Tigrett v. Rector and Visitors of the Univ. of Va.</u>, 290 F.3d 620, 626 (4th Cir.

PJG

2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

### III.    Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 22, 2015
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).